HOPPER, *Appellant*, v. HICKMAN *et al.*

Division One, July 6, 1898.

1. **Evidence**: SURVEYOR'S STATUTE. Section 8312, Revised Statutes 1889, says: "No survey or resurvey, hereafter made by any person, except that of the county surveyor, shall be considered legal evidence in any court in this State, except such surveys as are made by the authority of the United States or by mutual consent of the parties." *Held* that this section does not make incompetent any evidence which before its enactment was competent, nor does it restrict the domain of competent evidence, but is rather an expansion thereof. *Held*, also, that the section was designed to name and designated what *surveys* should be considered legal evidence, but in no manner attempted to designate what *surveyors* are competent as witnesses, or to what questions their testimony shall be limited.

2. ————: PRIVATE SURVEYORS. Private surveyors can testify from surveys made by themselves as to the true location of corners and section lines, even though such surveys were not made by them as county surveyors, or by consent of the parties, or by authority of the United States.

*Appeal from Cooper Circuit Court.*—HON. DORSEY W. SHACKLEFORD, Judge.

REVERSED AND REMANDED.

*J. C. Gillespy* and *John Cosgrove* for appellant.

(1)   The construction by the trial court of section 8312, Revised Statutes 1889, was erroneous.   The statute does not disqualify a surveyor from testifying where the corners of lines dividing lands of adjoining owners are, as they were established and located by the authority of the United States; although such surveyor was not a county or a deputy county surveyor.   The statute levels its disqualifying provisions against an unofficial survey, and not against a surveyor who does not hold the office of a county or deputy county surveyor.   The distinction between a survey and a surveyor is very apparent.   Rapalje & Lawrence Law Dict., sec. 8312.   It was competent for the plaintiff to prove the location of the boundaries of his land, to show whether the respondents were in possession of any part of it, by any witness who knew where the true lines and corners were, no matter how he ascertained the facts.   The testimony was competent to establish the location of the boundary line between the two tracts of land, although the witness may have ascertained the location of the boundary lines while making a survey; the presumption is that that is what he was trying to find.   *Weaver v. Robinett*, 17 Mo. 459; *Mincke v. Skinner*, 44 Mo. 92; *Williamson v. Fisher*, 68 Mo. 84; *Charles v. Patch*, 87 Mo. 451. (2) The question was one of fact.   The issue to be tried was: Where were the boundary lines, and any witness who knew the location of the disputed line was competent to state that fact to the jury.   *St. Louis v. Meyer*, 13 Mo. App. 367; s. c., 87 Mo. 276; Thompson on Trials, p. 1076; *Barry v. Otto*, 56 Mo. 177; *Billingsley v. Bates*, 30 Ala. 376.   (3) The evidence of Messrs. Quinn and Moles, who were employed to make a survey of said line, having been excluded by

the trial court, made a recovery impossible, and the only course for plaintiff to pursue, if he wished to take the opinion of this court upon the correctness of the rulings of the trial court, was to take a nonsuit, with leave to set the same aside.    This was the only proper course to pursue in the circumstances of this case and plaintiff took that course.    *Dowd v. Winters*, 20 Mo. 361; *Lumer v. Railroad*, 26 Mo. 26; *Collier v. Swinney*, 13 Mo. 478;  2 Thompson on Trials, sec. 2237.

*W. M. Williams* for respondents.

(1)    The trial court properly excluded the unofficial "survey" offered in evidence by plaintiff.    The statute expressly declares that such "surveys" shall not be considered legal evidence in any of the courts of this State.  2 R. S. 1889, sec. 8312; *Houx v. Batteen*, 68 Mo. 84;  *State v. Guernsey*, 9 Mo. App. 312. (2)    There was no offer on part of plaintiff to prove by his witnesses that they were "acquainted with the corners and old lines purporting to be the corners and lines of the surveyor who marked out the land;" as in *Weaver v. Robinett*, 17 Mo. 459; and that case has no application to the question in issue.    The court, in the case at bar, expressly permitted plaintiff's witnesses to state any knowledge possessed by them of the location of the government corners, and they stated positively that they had no such knowledge.    The court declined to permit the unofficial "survey" to go in evidence, or to allow the witnesses to state the results of said "survey."    No witness offered by plaintiff pretended to know where the original corner was.    *Anderson v. Peterson*, 38 N. W. Rep. 386.    (3) It does not appear from this record, in any event, that any material evidence offered by plaintiff was rejected by the court. There is nothing to show that the survey, about which

plaintiff offered to interrogate his witnesses, tended to prove that defendant was in possession of any land north of the true line between plaintiff and defendant. The offer was to show that the corner was south of where Mr. Trent claimed it to be. Plaintiff's offer must show on its face the materiality of the evidence proposed to be introduced. *Morton v. Heidorn*, 135 Mo. 608; *Kraxberger v. Roiter*, 91 Mo. 404; *State ex rel. v. Leland*, 82 Mo. 260.

ROBINSON, J.—The plaintiff and defendant in this action are owners of adjoining tracts of land in Cooper county. Plaintiff claims that the defendant's possession extends north of the true boundary between them so as to take in twenty-seven acres of land belonging to him, which defendant denied; hence this suit of ejectment for the disputed strip. The title of the land to each party within the calls of the deed is admitted, so that the only issue in the case is, as to where the true half section line running east and west through section 13 (in which plaintiff and defendants live) is located with reference to their respective possession.

Plaintiff in support of his case sought to prove by P. S. Quinn and J. W. Moles, two surveyors, who had run out the lines of section 13 owned by plaintiff and defendant and located the government half section corners dividing these lands, where the true corners of the half sections were located.

Objection was made to this testimony by defendant's counsel, because the witnesses had disclosed the fact, in their preliminary examination conducted by him as they were called to testify, that the survey of the land by them had not been made in the capacity of surveyors or deputy surveyors of Cooper county or by authority of the United States or by mutual consent or request of the parties litigant. The objection to the

testimony of each witness as he was offered was sustained by the court, with this remark: "The objection to the evidence of the witness, so far as it goes to testifying to corners or lines ascertained by his survey will be excluded."

The counsel for plaintiff then said: "I don't offer a survey made by either Mr. Moles or Mr. Quinn or Mr. Wright. I simply offer this witness (referring to Mr. Moles) to prove the facts, namely, where the government corners are located," whereupon the court said, "The witness may answer the question, but refrain from answering upon any knowledge he may have derived from his survey." When told by the witness that his only knowledge of the location of the corner was from what his survey showed, the court then announced that the objection to his testimony would be sustained, to which ruling of the court plaintiff duly excepted. Plaintiff's sole reliance being upon the testimony of the surveyors, Moles and Quinn, to establish the fact of his land boundaries, and their testimony having been excluded, he was compelled to take a nonsuit with leave to move to have same set aside. Whereupon judgment was rendered against plaintiff, and his motion to set aside the nonsuit and grant to him a new trial being overruled, he has prosecuted his appeal to this court, after the usual preliminaries.

Respondent's sole contention here, to maintain his judgment, as it was before the trial court, to exact its ruling, is, that the proffered testimony of plaintiff was made invalid by reason of the provisions of section 8312, Revised Statutes 1889, which read as follows: No survey or resurvey, hereafter made by any person, except that of the county surveyor or his deputy, shall be considered legal evidence in any court in this State, except such surveys as are made by the authority of the United States or by mutual consent of the

parties." This we think an entire misconception of the meaning and purpose of the statutes. The section means nothing more than its plain terms read, and that is: That no survey or resurvey of land in this State shall be considered legal evidence in any of our courts, except made under the conditions and by the parties designated in the act. The section is in no sense a restriction upon the right of any class of witnesses to give testimony to any fact or facts, of which they are possessed, which might have a reasonable or natural tendency to show where an original line or corner had been located, that before its enactment would have been competent as evidence in a contest to establish a lost or disputed line or corner, but is rather to be considered as an enlargement of the range from which testimony may be gathered, an expansion of the source from which it might be obtained.

The error into which respondent has fallen is in assuming that section 8312 was enacted as a disqualifying statute leveled against something as evidence, that before its passage, was legal and proper as evidence, and from that assumption, argues, that as unofficial surveys were never competent as evidence, the purpose of the section must have been more than a declaration against unofficial surveys as evidence, and that the section was intended to prohibit as evidence all information or knowledge that may have been derived by a survey made by one not authorized by statute to make a survey that is competent as evidence. The section is not a disqualifying statute in the sense that it is leveled against anything as testimony, or any persons as witnesses, that before its adoption could be used as such, but is the mere designation of an instrument, made under certain condition and by certain parties, as legal evidence in the courts of this State in contests like the present, that before its enactments

could not have been used, and prohibits nothing, as evidence that theretofore was proper. The reason for the denial or prohibition of surveys made by others than those designated in the act in controversy is most manifest. Likewise a very substantial reason immediately presents itself in favor of the propriety of permitting surveys as evidence when shown to have been made under the safeguards and surroundings that attend the making of the same by the parties designated in the act under consideration, but no good reason exists why any surveyor (official or unofficial) should, when he is brought into court and placed under the obligation of an oath, be denied the right to testify in reference to a survey made by himself, or to the correctness of any plat thereof which he may have made, leaving the question of its accuracy to the consideration of the jury, as are all questions of fact.

The section was designed to name and designate what surveys should be considered as legal evidence in the courts of this state, but in no manner attempted to designate what surveyors are competent as witnesses or to what questions their testimony shall be limited. Those questions, as before the section in controversy was enacted, must be determined by the relation the witness bears to the parties, and the pertinency of the question propounded to the issue involved. For the refusal of the trial court to permit plaintiff's witness to testify and thus forcing him to take a nonsuit, its judgment is reversed and the cause remanded to be tried in accordance with the views herein expressed. BRACE, P. J., MARSHALL, J., concurs. WILLIAMS, J., not sitting.