ALLEN, Appellant, v. HICKAM, et al.

Division One, March 30, 1900.

1. **Arbitration: PRACTICE: NONSUIT.** When the parties to an action have entered into an agreement, which is made a rule of court, submitting the action to arbitrators upon whose award judgment is to be entered, neither party can rescind the rule, nor can the plaintiff discontinue the action pending the rule.

2. ————: **VACATING AWARD.** Where by agreement of the parties a matter in controversy has been submitted for determination to commissioners appointed by the court, it is not sufficient to vacate their report to show that such commissioners erred in judgment merely, either as to the law or fact; partiality, fraud, or other misconduct prejudicial to the rights of the parties, must be shown.

3. ————: **SUBMISSION: EFFECT OF.** The issues in this case having been submitted to the commissioners, such commissioners became "the court sitting as a jury," within the meaning of Revised Statutes 1889, section 2084, for the final determination of such issues.

4. ————: **IRREGULARITIES: WAIVER.** A party present and participating in all the proceedings before the commissioners, can not afterward be heard to attack their report on the ground that the witnesses were not sworn. By failing at the time to object to the alleged irregularities, he waived his right to complain of them.

VOL. 156 mo—4

Appeal from Saline Circuit Court.—*Hon. Richard Field*, Judge.

AFFIRMED.

*O.Guitar, J. C. Gillespy, James W. Cosgrove* and *John Cosgrove* for appellant.

(1)   The report of the commissioners was not a final settlement of the matter in controversy and did not bind the parties until filed and confirmed by the court.. At any time prior to such confirmation plaintiff had a right to take a nonsuit.   Stephens v. Hume, 25 Mo. 349; Ivory v. Delore, 26 Mo. 505; Worthington v. White, 42 Mo. 462; Mayer v. Old, 51 Mo. App. 214; Wood v. Nortman, 85 Mo. 298; 1 McQuillin's Pl. and Prac., sec. 654.   (a) If the report of the commissioners be considered a special verdict a nonsuit should have been allowed notwithstanding.   6 Am. and Eng. Ency. of Pl. and Prac., p. 838; Turley v. Barnes, 67 Mo. App. 237. (2)   The report of the commissioners should have been set aside because: (a) The witnesses were not sworn.   Wolfe v. Hyatt, 76 Mo. 156.   (b) Chainman, W. W. Trent, was not sworn and was interested in having the line, so agreed upon by commissioners, established as the true· one.   Appellant protested at the time.   (c) Flagman, James T. Hickam, brother of respondent and real party in interest, was not sworn.   R. S. 1889, sec, 8317.   (3) The trial court erroneously considered the report of the commissioners a final determination of the rights of the parties, whereas it was merely interlocutory and could not bind the parties until confirmed and judgment entered thereon.   If the commissioners be regarded in the light of arbitrators the court had the right to vacate the award.   R. S. 1889, sec. 405 et seq. If it be viewed as a reference the exceptions, under the showing made, should have been sustained and the report set

aside. R. S. 1889, secs. 2154-2155. (4) After the commissioners were appointed the court had jurisdiction over them and had power to set·aside their report for cause. Turley v. Barnes, 67 Mo. App. 237. (5) The commissioners were bound by the express terms of the stipulation. Caruth-Byrnes H. Co. v. Wolter, 91 Mo. 484; Reeves v. McGlochlin, 65 Mo. App. 542. The clause in the stipulation which provides that judgment shall be rendered in accordance with the report of the commissioners does not sustain the action of the trial court. Its mere insertion or omission is of no legal consequence and in no sense precludes appellant from contesting the validity of the report. Wolfe v. Hyatt, *supra.*

*W. M. Williams* for respondents.

(1) The court properly declined to permit plaintiff to take a nonsuit after the report of the commissioners or arbitrators had been made and filed. 2 Am. and Eng. Ency. of Law (2 Ed.), 563; Haskell v. Whitney, 12 Mass. 47; Galbreath v. Rogers, 45 Mo. App. 324. (2) There was no error in the refusal of the court to investigate the correctness of the survey made by the commissioners or arbitrators, or to open up the inquiry, whether the line located by them was the true line. That was the question submitted for decision to said commissioners or arbitrators. Their judgment upon that point was not open to review. Bennett v. Russell, 34 Mo. 524; Cochran v. Bartle, 91 Mo. 636; Taylor v. Scott, 26 Mo. App. 249; 2 Am. and Eng. Ency. of Law (2 Ed.), 672. (3) The objection that the arbitrators were not sworn, was waived by the plaintiff in error by appearing and going to trial without requiring an oath to be administered. If the witnesses had not been sworn, the waiver of that defect under the same circumstances would have been equally conclusive. Newcomb v. Wood, 97 U. S. 581; Maynard v. Frederick, 61 Mass. 247; Cochran v. Bartle, 91 Mo. 636;

Grafton Quarry Co. v. McCully, 7 Mo. App. 580; 2 Am. and Eng. Ency. of Law (2 Ed.), 639; Fox v. Hazelton, 27 Mass. 277. (4) It was entirely competent for the trial court, without the aid of a statute, to submit the location of the disputed line, by consent of the parties litigant, to the decision of arbitrators or commissioners, and to enter judgment upon the stipulation, in accordance with said report. Newcomb v. Wood, 97 U. S. 581; Gates v. Russell, 17 Johns. Rep. 462; Creen v. Patchen, 13 Wend. 294; Hecker v. Fowler, 2 Wall. 123; N. Y. & C. Railroad Co. v. Myers, 18 How. 246; McCall v. McCall, 15 S. E. Rep. 348.

BRACE, P. J.—This is an action in ejectment instituted in the circuit court of Cooper county to recover possession of a strip of land containing about sixteen acres in said county, described in the petition by metes and bounds. The petition is in the usual form, and the answer a general denial.

After a trial in the Cooper Circuit Court which resulted in a verdict for the plaintiff, which was set aside, and a new trial granted, the venue was changed to the Saline County Circuit Court.

The parties are co-terminous proprietors, and the dispute is as to the location of the boundary lines between them. After the case reached the Saline County Circuit Court, the parties entered into the following agreement in that court:

"It is hereby stipulated that the judge of this court shall appoint three competent persons, each of whom shall be a county surveyor or an ex-county surveyor of some county in this State, as commissioners, and that such commissioners so appointed, shall meet upon the land in controversy on the 9th day of September, 1896, and hear such testimony as the parties hereto may desire to present, and examine such witnesses as may be presented by the parties, and shall examine any records, papers or documents exhibited to them or necessary

for their information, and shall run the line in controversy and shall mark out and locate the true line between the south half and the north half of section 13, township 48, range 15, and establish suitable monuments showing the line so located by them; and such commissioners shall report to this court at the next term thereof the line located by them, and whether or not the defendants are in possession of any land belonging to the plaintiff according to the line so located by them, and if they shall report that they are in possession of any such land belonging to the plaintiff judgment shall be rendered in favor of the plaintiff for the recovery of such land and the costs of this suit, and if they shall report that they are not in possession of any land belonging to the plaintiff the judgment shall be entered in favor of the defendants and against the plaintiffs herein for costs of this suit.

"It is further agreed that reasonable compensation shall be taxed as costs in this case, to be allowed by this court, to such commissioners and shall be paid as other costs may be adjudged.

"It is further stipulated that the line so established shall be the line between the said north half and south half of said section and shall be established as an agreed line, binding upon the parties hereto and their grantees, and the parties hereto bind themselves to conform their possession to the line so fixed and to surrender any land belonging to the other party of which they may be in possession without any further suit.

"It is further agreed that the commissioners may adjourn for satisfactory cause to any other day or date, but shall be compelled to report to this court at the next term thereof."

Thereupon the court appointed B. D. Weedin, T. C. Lea and S. L. Bay, commissioners under the agreement, who, having qualified and discharged their duties as such, at the

next term of court, made report of their proceedings verified by their affidavits, as follows:

"To the Honorable the Circuit Court of Saline County, Mo.:

"The undersigned commissioners, appointed by the judge of this court in accordance with the stipulation of parties filed in this cause, respectfully report that, before proceeding to the performance of their duties as such commissioners, under said stipulation, they made affidavit to faithfully and fairly discharge their duties as such commissioners to the best of their ability, and their said affidavit is hereto attached; and that, by agreement of parties, they assembled in the city of Boonville on the 16th day of September, 1896, and John Cosgrove, Esq., attorney for plaintiff, and W. M. Williams, Esq., attorney for defendants, appeared before them and explained the respective claims of the parties and thereafter, on the 17th day of September, 1896, the commissioners met upon the land in controversy, and the plaintiff and defendants appeared before them at said time in their own proper persons and said commissioners did hear such testimony as the parties desired to submit to them, and did examine such witnesses as were presented by the parties; and also examined all records, papers, and documents exhibited to them, or necessary for their information, and did run the line in controversy, and did mark out and locate the true line between the south half and the north half of said section 13, township 48, range 15, and did establish suitable monuments showing the line so located by them as follows, to wit:   They set at the quarter section corner of section 13, township 48, range 15, on the west, a lime stone rock 20 x 8 x 8; and at the middle of said section they set a lime stone rock 12 x 8 x 8, and at the quarter section corner on the east they found set in a cottonwood stump a lime stone rock with a cross on top, and they report the line so located by them as the true line between the south half and the north half of said section 13, township 48, range 15.

"Said commissioners further report to the court that the defendants are not in possession of any lands belonging to the plaintiff according to the line so located by these commissioners, and under said stipulation of the parties aforesaid the defendants are entitled to judgment in their favor and against the plaintiff for costs in this suit.

"They further report in accordance with said stipulation the plaintiff is in possession of six acres of land off the north side of the southeast quarter of said section 13, township 48, range 15; being three chains wide at the west end and extending to a point at the east end belonging to the defendant and that under the stipulation said six acres should be surrendered to the defendants by the plaintiff. . . . ."

Thereupon plaintiff filed his motion and exceptions to the commissioners' report as follows:

"Now comes the plaintiff by his attorneys and moves the court to set aside and disapprove the report filed in this cause made by B. D. Weedin, T. C. Lea and S. L. Bay, commissioners appointed by the court at its June term, 1896, and to discharge said commissioners, and set this cause for hearing and trial at the next term of this court, for the following reasons, to wit:

"Because said commissioners failed and refused to comply with the requirements and conditions of the order appointing them, and failed and refused to make a proper and legal survey of the disputed line as required by the order of their appointment, in the following several particulars, viz.:

"1st. Said commissioners failed and refused to take any legal testimony, in the matter submitted, or to swear any person in regard to any fact or circumstance touching the matter in controversy, as required by the order of their appointment.

"2d. Because said commissioners failed to run the line in controversy, and mark out and locate the true line between

the south half and north half of section thirteen, township forty-eight and range fifteen, or to make any legal survey whatever of said line; that they had no sworn marksman or chainman, but on the contrary in the illegal, partial and imperfect work done by them they permitted W. W. Trent, surveyor of Cooper county (who ran the disputed line relied on by the defendants), to act as chainman, and a brother of the defendant James Hickam, to act as flagman, neither of them being sworn as required by law.

"3d.  Said commissioners made no investigation or survey to ascertain the quarter section corner on the west side of section 13, township 48, range 15, it being the corner in dispute and the initial point from which the line in dispute must be determined—they simply assumed the true location of said corner.

"4th.  That in the pretended survey made by said commissioners they failed to comply with the requirements of the law in subdividing sections made fractional by a navigable water course as required by section 8330, R. S. 1889.

"5th.  That said commissioners failed and refused to survey or test the line claimed to be the true line by the plaintiff.

"6th.  That the work of said commissioners was partial, imperfect and defective in every particular, and furnishes no evidence by which the correctness of the line assumed by them can be tested or established."

The motion on the exceptions coming on to be heard, the plaintiff introduced evidence tending to prove that the witnesses who testified before the commissioners were not sworn.  That one of the chainmen, W. W. Trent, and the flagman, James T. Hickam, were not sworn.  That the latter was a brother of one of the defendants.  That the commissioners while engaged in the discharge of their duties, were the guests of the defendant Hickam. and offered to prove the manner in which the survey was made by the commis-

sioners, in order to show that they did not make a correct survey and location of the disputed line, which offer, on objection of defendant, was rejected, the court declining to enter into any investigation as to the correctness of the commissioners' survey.

At the close of the evidence upon the motion, the plaintiff asked the court to declare the law to be "that upon the evidence and the law, the report should be set aside and for naught held." The court refused to so declare the law. The plaintiff excepted, and offered to take a nonsuit, which the court refused to permit him to do, and thereupon overruled his motion to set aside the report and entered judgment "in favor of the defendant and against the plaintiff for costs in accordance with the stipulation of the parties, as follows: It is therefore considered, ordered and adjudged by the court that plaintiff take nothing by this action, and that defendant recover of plaintiff the costs and charges herein expended and that execution issue therefor."

From this judgment the plaintiff appeals.

(1) It is contended for the plaintiff that the court erred in refusing the plaintiff a nonsuit, and in rejecting the evidence as to the manner in which the boundary line was located by the commissioners.

By our statute, a plaintiff has no right to "dismiss his suit or take a nonsuit" after his case "is finally submitted to the jury, or to the court sitting as a jury, or to the court." [Revised Statutes 1889, sec. 2084.] By the agreement and rule of court in pursuance thereof in this case, the issues thereof, whether of law or fact, were by the agreement of the parties submitted to the adjudication of a tribunal created by the parties under the sanction of the court. As to those issues, that tribunal became "the court sitting as a jury" for their final determination. Such being the case, as was said in Haskell v. Whitney, 12 Mass. loc. cit. 54, "the

Allen v. Hickam.

plaintiff can not, at his pleasure, rescind this rule and revoke the submission; and as he can not do it directly, so he can not effect the same object by a discontinuance or a nonsuit." And the rule seems to be general, that when the parties to an action have entered into an agreement, made a rule of court, submitting the action to arbitrators, upon whose award judgment is to be entered, neither party can rescind the rule, nor can the plaintiff discontinue the action pending the rule. [2 Am. and Eng. Ency. of Law (2 Ed.), p. 563, note 3.] In Bridgman v. Bridgman, 23 Mo. 272, which was a proceeding for judgment upon an award of arbitrators it was said per LEONARD, J., for the court: "In a proceeding like the present, the question is not whether the arbitrators, who are the final judges both of the law and the fact, selected by the parties themselves, have erred in their judgment in respect to either, but whether they have been guilty of partiality or corruption, or of any other misconduct prejudicial to the rights of the parties or have failed to make a final mutual and definite award, or whether their award was procured by fraud or other undue means; but the testimony here offered and rejected was to prove that the arbitrators had erred in judgment, and not to establish any legal grounds of relief to which we have referred, and was therefore properly rejected." To the same effect are the cases of Bennett v. Russell, 34 Mo. 524; Taylor v. Scott, 26 Mo. App. 249; and such is the rule generally. [2 Am. and Eng. Ency. of Law (2 Ed.), p. 672, et seq., and notes.] The same principle of course must obtain where the arbitrators are appointed by the court in pursuance of the agreement of the parties that they shall be so selected, and applying the foregoing principles to the case in hand, it is manifest that the court committed no error in refusing the nonsuit, and in refusing to inquire into the correctness of the commissioners' survey.

(2) The court admitted all the evidence offered tending to show improper means, misconduct, or irregularity in

the discharge of their duties, by the commissioners, and upon the facts shown by this evidence, it is next contended that the report ought to have been set aside.

It is sufficient to say, in answer to this contention, that there was no evidence tending to prove that Trent had any interest in the controversy. That the fact that the commissioners rested and took their meals at the house of the defendant Hickam, while engaged in making the survey, as did two of plaintiff's surveyor witnesses, under the circumstances shown in the evidence, does not cast the slightest suspicion upon the integrity of their official action. That the plaintiff was present during the whole of the proceeding, was permitted to introduce such evidence as he saw proper, and knew that his own as well as the other witnesses examined, and the chainman and flagman were not sworn, and that the flagman was a brother of the defendant. There is no evidence tending to show that these facts had any effect upon the result, and the great weight of the evidence is that the plaintiff made no objections to the commissioners, on account of these facts, until after the work was done, and the result ascertained. Every matter now complained of was fully known to the plaintiff during the proceedings of the commissioners, and he having *then*, when these defects could have been so easily remedied, and when it was his duty to *speak*, remained *silent*, upon the chance of a favorable result can not now, that the result has proved unfavorable, be heard to urge them against the action of the commissioners. [Cochran v. Bartle, 91 Mo. 636; Newcomb v. Wood, 97 U. S. 581; Maynard v. Frederick, 7 Cushing, 247; Fox v. Hazelton, 10 Pick. 275; 2 Am. and Eng. Ency. of Law, p. 637, note 4, p. 637, note 4.]

There is no merit in this appeal, and the judgment of the circuit court is affirmed. All concur, except *Robinson, J.*, absent.