HOPPER, Appellant, v. HICKAM et al.

Division One, June 18, 1902.

1. **Stipulation after Appeal:** DECEASE OF PARTIES: REVIVAL: HEIR. A stipulation to settle the suit by arbitration, made in the name of the only heir of the deceased appellant and signed by those who were attorneys for his deceased intestate, after the appeal was taken, is binding upon such heirs, if the same attorneys were, at the time the stipulation was made, his attorneys, and the case was afterwards revived in this court upon his motion.

2. **Judgment:** NUNC PRO TUNC: CORRECTION AT SUBSEQUENT TERM. This court will correct, by *nunc pro tunc* order, at a subsequent term, a mistake in the entry of its judgment which made John C. Hopper, the original appellant, the plaintiff, instead of George H. Hopper, his only heir, in whose name after his death the suit had been revived, and will direct the trial court to make a corresponding correction in its record of such judgment.

Appeal from Cooper Circuit Court.—*Hon. Jas. E. Hazell,* Judge.

AFFIRMED.

*John Cosgrove* and *James W. Cosgrove* for appellant.

(1) Nothing could be done in the case of James C. Hopper v. Samuel Hickam et al., after the death of said Hopper, until his death had been suggested in the court where the suit was pending, and the cause revived, and a person substituted who could represent the interest of the deceased. Gamble v. Daugherty, 71 Mo. 602; Sargeant v. Rowsy, 89 Mo. 622. The death of James C. Hopper terminated the authority of his attorneys. They could take no step in the suit, or perform any function therein. Prior v. Kiso, 96 Mo. 303; 3 Am. and Eng. Ency. Law (2 Ed.), 328 and note. (2) The commissioners had no authority to proceed with their pretended survey after appellant refused his consent. Their refusal to survey the range line after they had agreed to do so, and the claim of appellant that it was the true line or base from which the correct corner or line could be ascertained, showed the bias of the commissioners and a disregard of their duties. The trial court should have submitted the facts to the jury instead of declaring, as a question of law, that there was no fraud, impartiality or undue influence, and that the agreement entered into, to refer the location of the line in dispute after the death of James C. Hopper to the commissioners, was error. Allen v. Hickam, 156 Mo. 49. (3) The report of the commissioners, or three persons selected by the judge of the circuit court of Saline county, should be set aside for unfairness, partiality and a failure to run the line in dispute without reference to the line previously surveyed by Trent, who was the agent of the defendant Hickam. Their conduct should have been free from any just

suspicion or appearance of unfairness.    Their conduct should be measured by the same rules which ought to govern the conduct of jurors.    Knight v. Freeport, 13 Mass. 218; State v. Rainey, 27 S. E. 709; Harvester v. Hodge, 6 Pa. Dist. 378; Ritchie v. Holbrook, 7 S. & R. 458; Blain's Lessee v. Chambers, 1 S. & R. 218; Drake v. Newton, 3 Zab. (N. J:) 23.

*W. M. Williams* for respondent.

(1)    It was perfectly competent for George H. Hopper, who succeeded to his father's title upon the death of the latter, to agree with defendant Hickam to submit the location of their boundary line to arbitration, notwithstanding the suit instituted by his father for the possession of the land in controversy was pending in this court and had not then been revived in the name of the present plaintiff.    There was no attempt to have any entry made or steps taken in the suit prior to its revival.    George H. Hopper and defendant Hickam were then owners of adjoining tracts of land. They were competent to contract.    They agreed that three surveyors should establish the line between them, and that they would conform to the boundary so located.    While no proceedings will be permitted by the courts in the suit after the death of the sole plaintiff, until it is properly revived, yet those who succeed to the ownership of the subject-matter of the suit may make contracts concerning the same that will bind them.    George H. Hopper at that time could have sold the land notwithstanding the pendency of the suit.    He could have gone in person with the defendant upon the land and marked out a division line.    The fact that the suit, instituted by his father, had not been revived, did not take away from the son the capacity to make contracts concerning the boundary line of the land. This was a proper subject for arbitration, without reference to the pendency of the suit.    Robertson v. McNiel, 12 Wend. 578; Sellick v. Adams, 15 Johns. 198; Stewart v. Cass, 16

Vt. 633. (2) The trial court properly held that the evidence was wholly insufficient to justify the setting aside of the award, and correctly decided that the parties were bound by the line fixed by the surveyors. The same objections made here to the action of the surveyors were held insufficient in Allen v. Hickam, 156 Mo. 49. (3) Plaintiff was present at the time the surveyors met upon the land and made suggestions to them in regard to their proceedings. He should not be permitted to hold his objections in abeyance, so 'as to be in a position to take advantage of the work of the commissioners if their conclusions should suit him, and repudiate the same if they should be favorable to his opponent. Allen v. Hickam, supra; Newcombe v. Wood, 97 U. S. 581; Maynard v. Frediner, 61 Mass. 247; Cochran v. Bartle, 91 Mo. 636; Grafton Quarry Co. v. McCullough, 7 Mo. App. 580. (4) The court, in the absence of evidence showing fraud, corruption or improper conduct, has no authority to set aside the decision of the arbitrators, and can not properly investigate the correctness of their survey or reopen the inquiry concerning the location of the true line. That was the very question submitted for the decision of the arbitrators. Their judgment upon that point is not open to review. Allen v. Hickam, supra, and cases there cited.

BRACE, P. J.—In 1894, James C. Hopper and Samuel Hickam were coterminous proprietors of adjoining farms in Cooper county, between whom a dispute arose as to the location of the boundary line between their lands, and to the July term, 1894, of the Cooper Circuit Court this action in ejectment was brought by James C. Hopper, as plaintiff, against Samuel Hickam and his tenant, Isaac Christman, as defendants, for a strip of ground described in the petition; the determination of which action would establish the boundary line between their premises. The case came on for trial at the January term, 1895, of said court, and resulted in a ver-

dict for the plaintiff, which was set aside and a new trial granted.    At the October term, 1895, the case came on again for trial, and after all the evidence was in, the plaintiff took a nonsuit with leave, and his motion to set the same aside having been overruled and judgment rendered against him, he brought the case here by appeal on a certified copy of the record entry of judgment and order granting the appeal, filed in this court on January 27, 1896.   Afterwards, on May 31, 1896, the said James C. Hopper died testate leaving his son, George H. Hopper, appellant, his only heir at law and the sole devisee under his will.   While this case was thus pending in this court, there was also pending in the Saline Circuit Court, on change of venue from the Cooper Circuit Court, the case of John O. Allen v. Samuel Hickam et al., the same being a like action in ejectment between them growing out of a dispute as to the proper location of the same line between their adjoining premises.   And at the June term, 1896, of said circuit court the following agreements were entered into:

"State of Missouri, County of Saline, ss.

"In the Circuit Court, June Term, 1896.

"John O. Allen, Plaintiff,
                    vs.
"Samuel Hickam et al., Defendants.

"It is hereby stipulated that the judge of this court shall appoint three competent persons, each of whom shall be a county surveyor, or ex-county surveyor of some county in this State, as commissioners, and that such commissioners, so appointed, shall meet upon the land in controversy on the ninth day of September, 1896, and hear such testimony as the parties hereto may desire to present, and examine such witnesses as may be presented by the parties, and shall examine any

records, papers or documents exhibited to them or necessary for their information, and shall run the line in controversy and shall mark out and locate the true line between the south half and the north half of section thirteen, township forty-eight, range fifteen, and establish suitable monuments showing the line so located by them; and such commissioners shall report to this court at the next term thereof, the line located by them and whether or not the defendants are in possession of any lands belonging to the plaintiff according to the line so located by them; and if they shall report that they are in possession of any such lands belonging to the plaintiff, judgment shall be rendered in favor of the plaintiff for the recovery of such land and the costs of this suit, and if they shall report that they are not in possession of any land belonging to the plaintiff, the judgment shall be entered in favor of the defendants and against the plaintiff herein for costs of this suit. It is further agreed that reasonable compensation shall be taxed as costs in this case, to be allowed by this court to such commissioners, and shall be paid as other costs may be adjudged. It is further stipulated that the line so established shall be the line between said north half and south half of said section and shall be established as an agreed line binding upon the parties hereto and their grantees, and the parties hereto bind themselves to conform their possession to the line so fixed and to surrender land belonging to the other party of which he may be in possession without any further suit. It is further agreed that the commissioners may adjourn for satisfactory cause to any other day or date, but shall be compelled to report to this court at the next term thereof.

"J. C. GILLISPY and JOHN COSGROVE,
"Attorneys for Plaintiff.

"DAVIS & DUGGINS and W. M. WILLIAMS,
"Attorneys for Defendants.

"State of Missouri, County of Saline, ss.

"Geo. H. Hopper, Plaintiff,
          vs.
"Samuel Hickam et al., Defendants.

"This case is pending in the Supreme Court, but it is agreed that the commissioners mentioned in the above stipulation shall also fix the line between the land of the parties to this agreement, in the same manner stated in the above stipulation, and if the defendants shall be in possession of any land belonging to the plaintiff, then the costs of this suit and one-half of commissioners' fees shall be paid by the defendants and such land surrendered by the plaintiff; otherwise the costs, including one-half commissioners' fees, shall be paid by the plaintiff. It is further agreed that if the plaintiff shall be in possession of any land belonging to the defendants, then he shall, without any further litigation, surrender the same to the defendants, and that both parties shall conform, without further litigation, to the line established by the above-named commissioners; and that said line shall be binding upon them and their grantees. It is further agreed that the proper entry shall be made in this suit to carry out this stipulation.

"J. C. GILLISPY and JOHN COSGROVE,
          "Attorneys for Plaintiff.

"W. M. WILLIAMS,
          "Attorney for Defendants."

Afterwards at the October term, 1897, of this court, the death of said James C. Hopper was suggested in this court by his son, the said George H. Hopper, and on his voluntary appearance and motion, this cause was revived in his name, and at the April term, 1898, was argued and submitted, and on June 22, 1898, an opinion therein delivered and judgment rendered reversing the judgment of the circuit court and re-

manding the cause for new trial. [Hopper v. Hickman, 145 Mo. 411.] In the meantime, in pursuance of said agreement, commissioners had been appointed by said circuit court, who had discharged their duties as such, and made report of their proceedings as follows:

### "REPORT OF COMMISSIONERS.

"The commissioners appointed by the judge of the circuit court of Saline county, Missouri, under the stipulation in the case of J. O. Allen, plaintiff, vs. Samuel Hickam et al., defendants, do hereby state and report that, in accordance with the agreement of the parties in the case of George H. Hopper, vs. Samuel Hickman et al., pending in the Supreme Court of Missouri, and a copy of which agreement is hereto attached, they located the true line between the land of the plaintiff Hopper and that of the defendant Hickam, in controversy in the suit last mentioned; that they were first duly sworn to faithfully and fairly discharge their duty as such commissioners and their affidavit is attached to the report filed by them in the circuit court of Saline county, in the case of Allen v. Hickam, and that, by agreement of parties, they assembled in the city of Boonville, on the sixteenth day of September, 1896, and John Cosgrove, Esq., attorney for plaintiff, and W. M. Williams, Esq., attorney for defendants, appeared before them and explained the respective claims of the parties, and thereafter on the seventeenth day of September, 1896, the said commissioners met upon the land in controversy, and the parties appeared before them and said commissioners did hear such testimony as the parties desired to submit to them, and did examine such witnesses as were presented by the parties, and also examined all records, papers and documents exhibited to them or necessary for their information and did run the line in controversy, and did mark out and locate the true line between the south half and north half of section thirteen, town-

ship forty-eight, of range fifteen, and did establish suitable monuments, showing the line so located by them as follows, to-wit: they set at the quarter-section corner of section thirteen, township forty-eight, of range fifteen on the west, a limestone rock 20 in. by 8 in. by 8 in.; at the middle of said section they set a limestone rock 12 in. by 8 in. by 3 in., and at the quarter-section corner on the east they found set in a cotton-wood stump a limestone rock with cross on top and they do find and report that the line so located by them and marked out by them is the true line between the south half and the north half of section thirteen, township forty-eight, of range fifteen. Said commissioners further find and report that the defendants are not in possession of any land belonging to the plaintiff as alleged in the petition and that they are not in possession of any part of the land belonging to the said plaintiff, and they further find that the plaintiff under the stipulation hereto attached shall dismiss this suit at his cost and pay one-half of the expense and fees of the commissioners herein as provided by said stipulation, the other half to be taxed as costs in the case of Allen vs. Hickam. Said commissioners further find and report that the plaintiff is in possession of the following described land belonging to defendant Samuel Hickam, to-wit: eighteen acres off of the north side of the southwest fractional quarter of fractional section thirteen, township forty-eight, of range fifteen, being six chains wide on the west end and three chains wide on the east end, and that the defendant herein is entitled under the stipulation to the possession of said land."

To a like report returned in the case of Allen v. Hickam, exceptions had been filed, heard and overruled in said circuit court, the award of the commissioners confirmed, and judgment rendered in favor of defendants, from which an appeal had been taken to this court, and the judgment of the circuit court affirmed.    [Allen v. Hickam, 156 Mo. 49.]

After the case in hand was remanded the defendants filed an amended answer to the petition herein, which, in addition

to a general denial, set up the submission aforesaid, the appointment of the commissioners by the circuit court in pursuance thereof, and their award in bar of plaintiff's action, to which plaintiff replied, setting up substantially the same matters that were set up in the exceptions to the commissioners' report in the case of Allen v. Hickam, 156 Mo. 55, 56, and asking that therefor the award be set aside and for naught held. The cause coming on for trial, the court permitted evidence to be introduced upon all the issues raised by the pleadings, and at the close of all the evidence instructed the jury as follows:

"The court instructs the jury that there is no evidence in this case that the award or decision of the arbitrators or commissioners was procured or induced by fraud, corruption or undue influence or partiality, and the line fixed by their decision or award is binding upon the parties to this suit, and the verdict must be for the defendant."

And in compliance therewith the jury returned a verdict for the defendants, from the judgment on which this appeal is prosecuted.

On the trial, the plaintiff objected to the admission of the aforesaid agreement of submission on the grounds that at the time the agreement was entered into James C. Hopper was dead, the authority of his attorney was ended, and the suit had not been revived and no suit was then pending between George H. Hopper and Samuel Hickam et al. The objection was overruled, exception saved and the contention on this appeal is that the circuit court erred in admitting the agreement of submission in evidence and in holding that the plaintiff's action was barred by the award made in pursuance thereof.

That the death of James C. Hopper terminated the authority of his attorneys, and that no steps could be taken in the case of James C. Hopper vs. Samuel Hickam et al. after the death of said Hopper, until his death had been suggested in the court where the suit was pending, and the cause revived

in the name of the real party in interest, as contended for by counsel for appellant, may be conceded. But it does not follow that the agreement of submission is not binding on the appellant. This agreement was not entered into by Messrs. Gillispy & Cosgrove as the attorneys of James C. Hopper, but as the attorneys of George H. Hopper, and it is not disputed but that they were authorized by him to enter into the agreement. In doing so, they took no step in the case in behalf of their deceased client.

Upon the death of James C. Hopper, his lands descended to his son, George H. Hopper, either as devisee under his will or heir at law, and the possession thereof, and the defense of the title thereto, belonged to him. [Thorp v. Miller, 137 Mo. 231.] And to him belonged the right to say whether this action of ejectment should abate, be revived in his name and prosecuted to final judgment, or be otherwise disposed of, and to this end, to make any such contract for the disposition of the controversy, as to him might seem meet and proper. He saw proper to submit the controversy to the arbitrament of a tribunal selected in the manner pointed out in the agreement, as he might well do, and by its decision fairly and regularly made in accordance with his appointment he ought to abide. Hence, the court committed no error in admitting the submission and award in evidence. The evidence by which it was sought to impeach the regularity and fairness of the award is substantially the same as it was in the Allen case, in which it was thoroughly reviewed, and after going over it again in this record we find the appellant here practically in the same position as was the appellant in that case, and reach the same conclusion, that no substantial ground was shown for setting aside the award.

This would lead to an affirmance of the judgment of the circuit court, but in the state of the record before us, some corrections must be made before this can be done. By a clerical mistake the judgment of this court of June 22, 1898, re-

versing the judgment of the circuit court and remanding the cause for new trial, as entered, was entitled "James C. Hopper, appellant, v. Samuel Hickam and Isaac Christman, respondents," instead of "George H. Hopper, appellant, v. Samuel Hickam and Isaac Christman, respondents," as it should have been entered, and by a like mistake the judgment of the circuit court on retrial, from which this appeal was taken, of date the thirty-first of January, 1901, as entered, was entitled "James C. Hopper v. Samuel Hickman and Isaac Christman" instead of "George H. Hopper, plaintiff, v. Samuel Hickam, and Isaac Christman, defendants," as it should have been. It is, therefore, ordered that the judgment aforesaid of this court of June 22, 1898, be corrected by a *nunc pro tunc* entry of that judgment properly entitled as indicated, and that the cause be remanded to the circuit court with directions to correct its judgment of January 31, 1901, by a *nunc pro tunc* entry of that judgment, properly entitled as indicated, and as thus corrected the judgment of the circuit court stand affirmed.    All concur.