## HARRIET E. CARTER, Appellant, v. E. E. SPRACKLIN.

**Division One, November 30, 1912.**

1. **SURVEYS: Private and Official: Evidence: Statute.** The statute (Sec. 11301, R. S. 1909) declaring that "no survey or resurvey, hereafter made by any person, except that of the county surveyor or his deputy, shall be considered legal evidence in any court in this State, except such surveys as are made by the authority of the United States or by mutual consent of the parties," does not disqualify any surveyor, private or official, from testifying concerning surveys made by him. It simply makes a survey by a county surveyor prima-facie evidence of its correctness, but withholds that quality from surveys made by private or other public surveyors, but nevertheless permits them to be received in evidence where they are first shown by competent evidence to be correct. A survey made by the county surveyor, unless its face shows it was not made as the statute requires, is entitled to be admitted in evidence without further proof, but it may be shown by competent evidence that it was not made as the statute directs, and upon such showing or when a defect appears upon its face, it is no longer official; whereas surveys made by any other surveyor must first be shown by competent evidence to be correct before they can be admitted in evidence, but when that is shown they are competent evidence.

2. ——: ——: **Conflict: Ejectment: Peremptory Instruction.** Plaintiff sues for a strip of ground three feet wide. He introduced the county surveyor who testified that, according to his survey, defendants occupy the said three feet, and thereby made out his prima facie case. But he impeached that case by introducing the city engineer who testified that, according to his survey, the defendants occupy only a narrow strip of plaintiff's ground, seven and a half inches wide at one end of the lot and four inches at the other. The defendants introduced a former city engineer, who it was shown was perfectly familiar with the premises, streets and lots, and he testified that defendants were in possession of no part of plaintiff's lot. *Held,* that the court properly refused to give a mandatory instruction asked by plaintiff, telling the jury to find for him, since there was evidence contradicting plaintiff's prima facie case, and thereby a question for the jury was presented.

3. ———: By County Surveyor: Presumptively Correct: Instruc-
tion: Unwarranted Comment. Where plaintiff did not rely
upon the survey made by the county surveyor, but went further
and introduced the survey made by the city engineer and his
testimony, by which the prima facie case made by the official
survey was contradicted, it was not error to refuse an instruc-
tion, asked by plaintiff, telling the jury that the survey made
by the county surveyor was "presumptively valid and correct."
However correct as an abstract proposition of law the instruc-
tion was, to have given it would have been to have singled out
and commented on certain portions of the evidence, and ignored
the rest.

Appeal from Jasper Circuit Court.—*Hon. Hugh
Dabbs,* Judge.

AFFIRMED.

*H. W. Currey* and *George V. Farris* for appel-
lant.

As matter of law, the county surveyor's survey
is presumed to be true until shown to be incorrect,
while the survey of W. E. Smith must be shown to
be correct, and the survey itself of this nonofficial
surveyor is not admissible as evidence, even if shown
to be correct. There was no evidence that the non-
official survey should have been received as legally
sufficient, to impel a judgment in plaintiff's favor. R.
S. 1909, Sec. 11301; Clark v. McAtee, 227 Mo. 152.

*Frank L. Forlow* for respondent.

WOODSON, J.—This is a suit in ejectment,
brought by the plaintiff against the defendants, to re-
cover the possession of a strip of ground three feet
wide, off of the south side of lot 71 in the original
town of Webb City, Jasper county, Missouri.

Said lot 71 has a frontage of......feet on Webb
street and a depth of.... feet on Daugherty street,
the exact dimensions of said lot not appearing,
though I suppose it was quite a large tract of land.

The latter street runs east and west, and the former north and south.

A trial was had in the circuit court of that county, which resulted in a judgment in favor of the defendant; and after moving unsuccessfully for a new trial the plaintiff duly appealed the cause to this court.

The "Webb Estate," so designated in the record, is the common source of title.

The plaintiff's deed, dated October 11, 1904, conveys to him a lot of ground described as commencing at a point on Webb street fifty feet north of the north line of Daugherty street, and running west one hundred and forty-two feet, thence north sixty-six feet, thence east one hundred and forty-two feet, thence south sixty-six feet, to the point of beginning.

The deed of defendants is dated March 22, 1888, and conveys to them, by metes and bounds, a lot of ground, fifty feet fronting on Webb street by one hundred and forty-two feet on Daugherty street, in the southeast corner of that part of lot seventy-one, in original town of Webb City, lying north of Daugherty street.

This controversy arises over the proper location of Daugherty street.

In order to make out the plaintiff's case, he introduced two witnesses, namely: William Kohlman, the county surveyor of Jasper county, and W. E. Smith, the city engineer of Webb City.

According to the testimony of the former, the defendants occupy said three feet of plaintiff's lot, and according to the latter they occupy only a narrow strip thereof, seven and one-half inches wide at one end and four inches at the other.

The evidence for the defendants shows that at the time of the trial there was a fence standing between the houses of plaintiff and the defendants, and that it had been there for more than twenty years, and stood about three feet north of the defendants' north

line. That defendants never claimed more than the fifty feet of ground described in their deed of March 22, 1888. That shortly after defendants purchased said fifty feet of ground .they erected a building on it practically covering the entire lot. The south line of the building stands on the north line of Daugherty street and the east line thereof stands on the west line of Webb street.

I. The questions here presented by the record are propositions of law, and grow out of the action of the trial court in refusing to give two instructions asked by appellant.

The first was a mandatory instruction. directing the jury to find for the plaintiff, and the second declared that under the law a survey of the county surveyor was presumptively valid and correct.

We will consider these two propositions in the inverse order as stated.

The position of counsel for plaintiff is this; that under Sec. 11301, R. S. 1909, the survey introduced in evidence, made by Mr. Kohlman, the county surveyor of Jasper county, is presumptively correct and must be accepted as such until it is by competent evidence shown to be incorrect, and that "the survey of W. E. Smith must be shown to be correct, and the survey itself of this nonofficial surveyor is not admissible as evidence, even if shown to be correct."

Said Sec. 11301, R. S. 1909, reads. "No survey or resurvey, hereafter made by any person, except that of the county surveyor or his deputy, shall be. considered legal evidence in any court in this State, except such surveys as are made by the authority of the United States or by mutual consent of the parties."

This section of the statute came before this court for construction in the case of .Hopper v. Hickman, 145 Mo. 411; and it was there held, and properly so in

our opinion, that this statute does not disqualify any surveyor, private or official, from testifying in relation to surveys made by him. Clearly the design of the Legislature, in enacting that section, was to make a survey made by a county surveyor prima facie evidence of its correctness, without first establishing its correctness by parol or other competent evidence. There is nothing in the letter or spirit of said section which indicates that surveys made by private or other public surveyors shall not be introduced in evidence, where their correctness has first, by competent evidence, been shown to be such.

We are cited to the case of Clark v. McAtee, 227 Mo. 152, as announcing a contrary rule. The writer is perfectly familiar with that case, he having written the opinion therein, and we have no hesitancy whatever in saying that there is no conflict between that case and the case of Hopper v. Hickman, supra. The court, in the Clark-McAtee case, simply held that a survey made by the county surveyor was prima facie correct, and needed no evidence in the first instance to establish its prima facie character. But in order to be held an official survey it must be made as the statute directs; and that where it appears from the face of the survey itself, or where it is shown by competent evidence that it was not so made, it cannot be admitted in evidence as an official record; also, that the only authority for admitting such surveys in evidence as official records, is the statutes which authorize them to be made, and which direct them to be recorded.

Under this view of the law the survey made by the county surveyor was properly admitted in evidence and it made out a prima facie case, which of course could be overthrown or disproved by any competent evidence.

But counsel for plaintiff did not rest his case upon the prima facie case made by the official survey in-

troduced in evidence, but went farther, if I correctly understand the record, and introduced W. E. Smith, the city engineer of Webb City, as a witness, who it seems also made a survey of the land in controversy, which was also introduced in evidence by plaintiff.

As previously shown, according to the survey made by the county surveyor, the defendants were in possession of the entire three feet of ground claimed by the plaintiff, but according to the testimony of Smith, the city engineer, and the survey made by him, defendants are in possession of only a narrow strip thereof, seven and one-half inches wide at one end and four inches at the other. By this evidence, the plaintiff contradicted the prima facie case he made by the official survey introduced, or at least all of it except as to the narrow strip mentioned.

In addition to the foregoing testimony introduced by plaintiff, the respondents introduced Samuel Bell, a former city engineer of said city, who it was shown was perfectly familiar with the premises and had located the sidewalks, curbs and gutters on Daugherty and Webb streets. He testified in effect, among other things, that defendants were in the possession of no part of the plaintiff's ground.

This evidence of the respondents, as well as a part of that introduced by the appellant, contradicted the prima facie case made by plaintiff, which of course presented a question of fact for the jury to determine.

That being true, the court properly refused to give the mandatory instruction asked by appellant, telling the jury to find for him.

II.    This brings us to the consideration of the action of the court in refusing the second instruction asked by the plaintiff.

That instruction told the jury that the survey introduced made by the "county surveyor was presumptively valid and correct."

As an abstract legal proposition that instruction properly declared the law, but it was not error to refuse it in this case, for the reason that plaintiff did not rely upon that survey alone to make out his case, but he went further and introduced in evidence the testimony of W. E. Smith, and a survey made by him, both of which contradicted the prima facie case made by the official survey. After that had been done, it was the duty of the court to instruct the jury for plaintiff upon the case as made by all the evidence introduced by him, and not upon a portion of it. To have done so, would have convicted the court of having selected out and commented upon certain portions of the evidence, and of having ignored the remainder. Clearly that would have been error.

We are, therefore, of the opinion that the court properly refused said instruction.

Finding no error in the record, the judgment should be affirmed.

It is so ordered. All concur.