[Decided October 16, 1894.]

## OREGON RY. & NAV. CO. *v.* HERTZBERG.
[S. C. 37 Pac. 1019.]

1. MANDATE — EVIDENCE.— A certified copy of a decree of the United States Supreme Court, reversing a decree of the supreme court of the state, is not evidence of such reversal where no mandate thereon was issued to the state court.

2. PUBLIC LANDS — IMPEACHING PATENT — EVIDENCE.— A land patent from the United States cannot be impeached by a letter from the assistant commissioner of the general land office to a local register, written long after the issuance of the patent, and directing the register to note in his records that the pre-emption of the patentee had been canceled in pursuance of a decision of the United States Supreme Court.

3. PUBLIC LANDS — CANCELING PATENT.— The government cannot cancel a patent and restore the land to the public domain, or render it subject to a homestead settlement, where the patentees hold the legal title in trust for the heirs of one to whom a donation certificate was properly issued.

4. EJECTMENT — PRIOR POSSESSION — COLOR OF TITLE.— In an action for the possession of land, proof by plaintiff of prior possession under deeds conveying a colorable title is sufficient as against a trespasser.

5. JURY TRIAL — VERDICT — PRACTICE.— Where the evidence will support only one verdict, the court may properly direct it to be rendered by the jury: *Coffin* v. *Hutchinson*, 22 Or. 554, approved and followed.

6. EJECTMENT — PLEADING — CODE, ¿ 319.— The defense that the land sought to be recovered in an ejectment action was a portion of a public road, and was so used up to the time of defendant's occupancy, is not available in the absence of an allegation that defendant has any estate therein, or any license or right to its possession from any public authority, since Hill's Code, ¿ 319, provides that the defendant cannot give in evidence any estate in himself or another in the property, or any license or right to its possession, unless pleaded.

APPEAL from Multnomah: HARTWELL HURLEY, Judge.

This is an action by the Oregon Railway and Navigation Company against Chas. Hertzberg to recover possession of a portion of block one hundred and eighty-eight in the City of Portland, damages for removing earth and

stone therefrom. and for the reasonable value of the rents thereof. The complaint is in the usual form, alleging ownership in fee and right of possession of said premises by mesne conveyances, and possession by plaintiff and its predecessors for more than fifteen years under color of title and claim of ownership in fee. The defendant denied all the material matters alleged, except the allegation of possession, and for a separate defense in substance alleged that the title in fee simple absolute to said premises had never been granted by the United States with legal validity to any person, but that it is still in the United States, subject, under the donation act of congress, to the preferred rights of the heirs of Elizabeth Thomas, and that this right had never been asserted by any of said lawful heirs; that the defendant had taken possession of, established his residence and made valuable improvements on, said premises as a homestead settler, in order to procure the title thereto from the United States. And for a further defense he alleged that the land in dispute was dedicated by Elizabeth Thomas, the original settler, to the use of the public as a road, and that it had been used as such for a period of more than ten years prior to defendant's occupancy thereof. The reply put in issue all the material allegations of new matter in the answer, and issue being thus joined, the trial thereof proceeded before the court and a jury, and, after hearing the evidence and the arguments of counsel, the court directed the jury to find a verdict in favor of the plaintiff, the counsel for both parties agreeing that its damages should be one dollar. Upon the verdict thus ordered and returned by the jury, judgment was rendered for the plaintiff, and from this judgment the defendant appeals and specifies several errors upon which he relies for its reversal. The alleged errors consist of objections to the admission and rejection of evi-

dence, and to the court's direction to the jury to bring in a verdict in favor of the plaintiff.      Affirmed.

*Mr. A. Schutz (Mr. James Gleason* on the brief), for Appellant.

*Mr. William W. Cotton,* for Respondent.

Opinion by Mr. Justice Moore.

1. The record shows that the plaintiff, to maintain its action, introduced the following evidence: A patent of the United States to A. J. Knott; the deed of A. J. Knott and wife to the South Portland Real Estate Association; and the deed of the South Portland Real Estate Association to the Oregon Railway and Navigation Company, dated June twenty-fifth, eighteen hundred and eighty, each instrument conveying, with other property, the premises in controversy. The plaintiff also offered in evidence the judgment roll of the case of *Silver* v. *Ladd,* 7 Wall. 219, which showed that the suit was begun and prosecuted to final decree in the Circuit Court of the State of Oregon for Multnomah County. It also appears therefrom that one Elizabeth Thomas, a widow, on or about October first, eighteen hundred and fifty-one, in pursuance of the provisions of the donation act of congress, approved September twenty-seventh, eighteen hundred and fifty, established her residence upon a tract of the public lands of the United States, and, having filed her notification to hold said premises as her donation land claim, continued to reside thereon until some time in the year eighteen hundred and fifty-seven, when she died intestate, leaving as her sole heir Finice Caruthers, her son, who, after the death of his mother, took possession of said premises and continued to reside thereon until about September first, eighteen hundred and sixty, when he died intestate, leav-

ing neither widow or issue.     C. S. Silver was appointed
and duly qualified as administrator of the estate of said
Finice Caruthers, deceased, and as such took possession
of said premises and leased them to one A. L. Mushnell.
A. J. Knott and R. J. Ladd having each obtained patents
from the United States, under the preëmption law, for
portions of the tract of land embraced in the donation
entry of Elizabeth Thomas, commenced actions against
said A. L. Mushnell, the tenant, to recover possession of
the premises described in their patents, and while said
actions were pending said C. S. Silver commenced a suit
against said Ladd and Knott to restrain them from prose-
cuting their said actions, and to cancel and set aside the
patents issued to them by the United States.   A decree
was rendered in said suit, dismissing plaintiff's complaint
for the reason that said Elizabeth Thomas was not a per-
son entitled to take lands under any provision of the dona-
tion act.   It was stipulated between the parties hereto
that a decree in the case of *Silver* v. *Ladd*, 7. Wall. 219,
had been entered in the records of the Supreme Court of
the United States substantially in accordance with the
opinion rendered in said suit therein, and that said stipu-
lation might be used in lieu of and offered in evidence as a
certified copy of such decree, but that said stipulation was
not to be construed as an admission that any mandate had
ever been issued upon said decree from the Supreme Court
of the United States to the supreme court of this state,
nor by this court to the Circuit Court of Multnomah
County, nor an admission of the regularity of any appeal,
or of any fact other than that there had been an entry
of such decree in the said court.   It appears from said
stipulation that said decree on appeal to this court was
affirmed, and that a writ of error was taken to the Supreme
Court of the United States which reversed the decree of
this court (*Silver* v. *Ladd*, 7 Wall. 219); but, no mandate

having been filed or entered in the records of the circuit court, there was no competent evidence before it to show that the said decree was in fact reversed. It will thus appear from the evidence introduced at the trial that the plaintiff established a complete legal title to the premises in controversy.

2. The defendant sought to impeach the United States patent to Knott by offering in evidence a certified copy of a letter from the assistant commissioner of the general land office, dated April fifth, eighteen hundred and eighty-seven, more than twenty years after the patent was issued, directed to the register and receiver of the land office at Oregon City, Oregon, advising them that the preëmption cash entry of Andrew J. Knott had been that day canceled in pursuance of the decision of the supreme court of the United States in the case of *Silver* v. *Ladd*, 7 Wall. 219, and directing them to note the fact in their records with a reference to his letter and said decision. The court sustained an objection to the introduction of this letter, and, as the defendant contends, erroneously. When a patent, issued under the seal of the United States and signed by the president, is delivered to and accepted by the patentee, the title of the government passes with the delivery, (*Moore* v. *Robbins*, 96 U. S. 538; *Steel* v. *St. Louis Smelting Company*, 106 U. S. 447, 1 Sup. Ct. 398,) but if the legal title has passed from the United States to one party, when in equity and good conscience, and by the laws which congress has made on the subject, it ought to go to another, a court of equity will convert him into a trustee of the true owner and compel him to convey the legal title: *Minnesota* v. *Bachelder*, 1 Wall. 109; *Stark* v. *Starrs*, 6 Wall. 402; *Silver* v. *Ladd*, 7 Wall. 219. "The holder of a legal title in bad faith," says Mr. Chief Justice WAITE in *Widdicombe* v. *Childers*, 124 U. S. 405, 8 Sup. Ct. 517, "must always yield to a superior equity. As against the United States, his

title may be good, but not against one who had acquired a prior right from the United States in force when his pur chase was made under which his patent issued.     The patent vested him with the legal title, but it did not determine the equitable relations between him and third persons." In *Silver* v. *Ladd,* 7 Wall. 219, Mr. Justice Miller said: "It may well be doubted whether the patent can be set aside without the United States being a party to the suit." If a court cannot set aside a patent without a suit for that purpose in which the United States and its patentee are parties, it needs no arguments or authorities to show that no officer of the land department can by a mere edict annul a patent of the United States after its delivery to the patentee, and hence there was no error in rejecting the evidence offered.

3.   The patent having been delivered to Knott, the legal title to the premises therein described, including the tract in controversy, passed from the United States, and it is immaterial to the defendant, who does not claim as an heir of Elizabeth Thomas, whether it vested in Knott for his own benefit or as trustee for the heirs of Elizabeth Thomas.   The Supreme Court of the United States having held that the donation certificate properly issued to Elizabeth Thomas, and that the patentees held the legal title in trust for her heirs, the government cannot now cancel the patent and restore the land to the public domain, or render it subject to a homestead settlement, and hence this defense must of necessity fail.

4.   The plaintiff also introduced in evidence, over the defendant's objection, certain deeds and other muniments of title which purported to convey to its predecessors and grantors the equitable title of the heirs at law of Elizabeth Thomas to said premises.   These deeds created a colorable title, and under them the plaintiff and its predecessor in interest, the South Portland Real Estate Association

entered into the possession of all of said property as described by the deeds (Angel on Limitations, 400), which possession has been retained by the plaintiff for more than ten years prior to defendant's entry.    The plaintiff's right of action is not founded upon an adverse but upon a prior possession.    If the defendant had claimed a right of entry as an heir of Elizabeth Thomas, the question of plaintiff's adverse possession might have become an important factor to bar the defendant's right.    A prior possession of land for any length of time is *prima facie* evidence of title, and will authorize a recovery in an action therefor against a mere volunteer or trespasser: *Riverside Company* v. *Townsend*, 120 Ill. 20, 9 N. E. 65; *Mickey* v. *Stratton*, 5 Sawy. 478, Fed. Cas. 9530; *Hutchinson* v. *Perley*, 4 Cal. 33, 60 Am. Dec. 578; Angel on Limitations, 361.    "The maxim," says Mr. Justice Curtis in *Christy* v. *Scott*, 14 How. 292, "that the plaintiff must recover on the strength of his own title, and not on the weakness of the defendant's, is applicable to all actions for the recovery of property.    But if the plaintiff had actual prior possession of the land, this is strong enough to enable him to recover it from a mere trespasser who entered without any title."    This rule concedes that he who secures possession of real property thereby obtains a prior right against all persons except the owner.    If it were otherwise, possession, in the absence of title, would be maintained only by the strong against the weak, and an unlawful resort to arms might become the means of resisting an intrusion upon a prior right.    But prior possession, for less than the statutory period of limitation, does not authorize a recovery against a defendant who is lawfully in possession: *Johnson* v. *Rightmyer*, 16 Johns. 314.    If the plaintiff had offered no other evidence of title to the premises than these deeds and proof of prior possession it would have been sufficient to

maintain this action against the defendant who claims no legal title thereto, and is a mere trespasser thereon.

5.    It is contended that the court erred in directing the jury to find a verdict for the plaintiff.    There was no conflict in the evidence, nor any dispute as to the facts, nor as to the inferences which might naturally be drawn therefrom; and as the parties had agreed upon the amount of damages to which plaintiff was entitled, there was nothing to submit to the jury, and the question was one of law to be decided by the court: *Coffin* v. *Hutchinson*, 22 Or. 554, 30 Pac. 424.    Other objections are urged, but as the bill of exceptions does not purport to contain all the evidence, it must be presumed there was sufficient to support the verdict, and hence there was no error in directing the jury to return a verdict for the plaintiff.

6.    The second defense is alleged as follows: "That the lot of land so occupied and held in actual possession by defendant as hereinafter described, is portion of a public road, dedicated as such by the original settler, Elizabeth Thomas, described and used as such by the public in general for a period of more than ten years, and up to the time of the occupancy by defendant for the purposes hereinbefore set forth." Section 319 of Hill's Code provides that "the defendant shall not be allowed to give in evidence any estate in himself or another in the property, or any license or right to the possession thereof, unless the same be pleaded in his answer." It may well be doubted whether the supervisory control over roads given by statute to the county court (Hill's Code, § 4060,) includes the authority to erect buildings thereon, or convert them to any other use than the accommodation of the public travel. But even if we should assume that the county court had authority to lease any part of the public roads, or to license a person to occupy any portion thereof for any purpose, the defendant has not pleaded any estate in himself in the

property, or any license or right to its possession derived from the county court or other public authority, (section 319, Hill's Code), and hence this defense must also fail. The judgment will be affirmed.        AFFIRMED.

----

[Decided October 2, 1894; rehearing denied.]