Argued May 6, decided June 16, rehearing denied August 4, 1908.

## SOMMER v. COMPTON.

[96 Pac. 124; 96 Pac. 1065.]

BOUNDARIES—EVIDENCE—TESTIMONY OF SURVEYORS.

1. Section 2676, B. & C. Comp., being part of an act creating the office of county surveyor and prescribing his duties, provides that no surveys or resurveys thereafter made by any person, except the county surveyor or his deputy, unless attested by two competent surveyors, shall be considered legal evidence in any court within the State, except surveys made by authority of the United States, the State of Oregon, or by mutual consent of the parties. Section 2678 requires the county surveyor to keep a fair and correct record of all surveys in a book kept for that purpose, and provides what the record shall consist of. *Held*, that the survey so recorded is the survey contemplated by Section 2676, and that such section does not prevent a surveyor, other than the county surveyor, from testifying to a survey made by him of property in controversy, which was not attested and not made by the mutual consent of the parties.

ADVERSE POSSESSION—HOSTILE CHARACTER—EVIDENCE.

2. Where in ejectment plaintiff claimed title, by adverse possession, to a strip of land west of a north and south quarter section line, part of one quarter section, the whole of which defendant claimed, testimony lots, of a witness that she had been in possession, since 1886, of her immediately north of defendant's lots, and extending east to the quarter section line, was properly excluded, as having no bearing on the adverse character of plaintiff's possession of the premises in dispute.

EJECTMENT—UNLAWFUL POSSESSION—"FORCIBLE ENTRY."

3. Where in ejectment defendant claimed title to the land in controversy, the fact that defendant entered into possession by taking down a fence without plaintiff's permission was not a "forcible entry" within Section 5745, B. & C. Comp., creating a right of action for forcible entry and detainer, defendant's possession being unlawful only in case he was without right or title.

SAME—RIGHT OF ACTION—TITLE.

4. Plaintiffs in ejectment must recover on the strength of their own title, and not on the weakness of that of the defendants.

ADVERSE POSSESSION—DISSEISIN.

5. The legal title draws to it the possession, and the right of entry is not barred, unless there has been a disseisen, followed by an actual, open, notorious, and continuous adverse possession for ten years.

EJECTMENT—POSSESSION—ACTION AGAINST TRESPASSER.

6. Prior possession of land for any length of time is *prima facie* evidence of title, and will authorize a recovery of possession against a mere volunteer, or one having no other rights than those of a trespasser.

ADVERSE POSSESSION—MISTAKE—BOUNDARIES.

7. Though there was a mistake or ignorance as to the true boundary, if plaintiff took actual possession under a claim of right or title, and so occupied the premises for the period of ten years, there would be a disseisin of the owner.

SAME—INSTRUCTIONS.

8. An instruction that a line fence could not be considered as evidence of adverse possession unless plaintiffs or their predecessors in interest con-

structed it was properly refused; since, if the fence was used as a partition fence, it was immaterial who constructed it.

SAME—PRIOR POSSESSION—TACKING SUBSEQUENT POSSESSION—PRIVITY
      —EVIDENCE.

9. While it is not sufficient to entitle an ultimate possessor to tack his possession to that of the former occupant that there is privity of possession without a transfer of such possession by agreement or understanding between them, it is not necessary to show that such agreement was in writing, or omitted from the deed to the occupying claimant by mistake, but it may be proved by parol.

APPEAL AND ERROR—REVIEW—HARMLESS ERROR—EVIDENCE.

10. Error in excluding testimony for defendant in ejectment as to location of a north and south quarter section line, the premises being located both in the complaint and the decree by that line, as the east boundary, is not harmless, though the west line is said to be identified by an old fence, yet, if the line of the fence be obliterated or questioned, the whole tract must be located by the quarter section line alone.

SAME.

11. The erroneous instruction, in ejectment, that defendant's possession was wrongful and unlawful, being sufficient to authorize a verdict for possession, must be presumed prejudicial; the verdict not finding the duration or nature of plaintiff's estate, but only for possession.

From Baker: WILLIAM SMITH, Judge.

Statement by MR. JUSTICE EAKIN.

The premises in dispute are a part of the N. E. ¼ of the S. W. ¼ of section 16, township 9 S., range 40 E., W. M., and was purchased from the State by Chas. B. Fisher more than 35 years ago. The W. ½ of the S. E. ¼ of said section 16 was purchased from the State about the same time by Joseph E. Street. The plaintiffs claim the property in dispute as successors in interest to Street, and defendants deraign title to the land in dispute by mesne conveyances from Fisher; the premises in dispute lying immediately adjacent to and west of the north and south quarter section line through the said section. About the time of these purchases from the State of Oregon, a fence was built about 15 feet west of the said quarter section line, and thereafter used as a partition fence between the lands of Fisher and Street, and the land east of and up to this fence, was used by the said Street and his successors in interest for pasturage, as the other lands in the inclosure were used, until the year 1906, when these defendants took possession thereof. In

the year 1882 J. P. Atwood, being then the owner of the said N. E. $\frac{1}{4}$ of the S. W. $\frac{1}{4}$ of said section 16, platted the same as an addition to Baker City, lot 16 of block 10 of which includes the property in dispute, now claimed by and in the possession of the defendants, under a contract for the purchase thereof from Mrs. Janney, successor in interest to Atwood. Plaintiffs claim title to the property by adverse possession, having acquired their title to the N. W. $\frac{1}{4}$ of the S. E. $\frac{1}{4}$ of section 16, and the possession of the property in dispute, from J. H. Parker in the year 1900. Verdict was rendered in favor of the plaintiffs, and the defendants appeal.

REVERSED.

For appellant there was a brief over the names of *Mr. Francis M. Saxton* and *Mr. Henry McConnell,* with an oral argument by *Mr. Saxton.*

For respondent there was a brief over the names of *Messrs. Butcher, Clifford & Correll,* with an oral argument by *Mr. Morton D. Clifford.*

MR. JUSTICE EAKIN delivered the opinion of the court.

1. The first assignment of error is that the court erred in excluding the evidence of P. A. Sandberg, a civil engineer, by whom the defendants sought to prove the location of the north and south quarter section line in section 16. The defendants offered to prove by the witness "that he located this quarter section line running north and south through the center of said section 16 * * in accordance with the statutes of the United States, and that the said quarter section line is about $15\frac{1}{2}$ feet east of the line as indicated by C. M. Foster on plaintiffs' Exhibit A," which offer was denied. C. M. Foster, a witness for the plaintiffs, was county surveyor at the time of the trial, and for a long time prior thereto, and prepared the plat, plaintiffs' Exhibit A. He testified that he had surveyed all that ground, and was well acquainted with all the boundaries, lines, and government marks,

and had prepared the plat from his field notes thereof, and testified to the correctness of the plat, location upon the ground of the partition fence, and of the said north and south quarter section line.

Plaintiffs objected to the testimony of Sandberg, on the ground that, as Foster was county surveyor, he could not be disputed, except as provided by Section 2676, B. & C. Comp., which provides that "No survey or re-surveys hereafter made by any person, except the county surveyor or his deputy, unless attested by two competent surveyors, shall be considered legal evidence in any court within this State, except such surveys as are made by authority of the United States, the State of Oregon, or by mutual consent of the parties"—and urge that the county surveyor's opinions are final, unless his error is attested by two competent surveyors. This section of the Code will not bear such a construction; it has no reference to the testimony of the county surveyor, its weight or effect. Section 2676, *supra,* is a part of an act creating the office of county surveyor and prescribing his duties. Section 2678, being a part of the act, provides that he shall keep a fair and correct record of all sur-veys in a book kept for that purpose, and provides what the record shall consist of; and this is the survey referred to in Section 2676 as the only survey that shall be con-sidered legal evidence, "unless attested by two competent surveyors," and has no reference to the competency of the surveyors as witnesses. Whether an unofficial survey, when attested by two competent surveyors, is made com-petent evidence by this statute is not necessary now to decide; but it is clear that it is not intended to disqualify the surveyors as witnesses in respect to any matters within their knowledge—whether obtained by a survey or otherwise, if it is in other respects competent. Missouri has a statute identical with ours, omitting the clause "unless attested by two competent surveyors." It makes incompetent as evidence, a survey made by any person

except one made by the county surveyor or his deputy, or by authority of the United States, or by consent. In the case of *Hopper* v. *Hickman,* 145 Mo. 411, 417 (46 S. W. 973), the only question involved was whether a competent surveyor, not a county surveyor, who had made a survey of the line in question, could testify in relation thereto; and it is held that this section is in no sense a restriction upon the right of any class of witnesses to testify to facts which would have been competent before its enactment, but is an expansion of the source from which testimony may be obtained; that it prohibits nothing that was proper evidence before; and says: "But no good reason exists why any surveyor should, when he is brought into court and placed under the obligation of an oath, be denied the right to testify in reference to a survey made by himself, or to the correctness of any plat thereof which he may have made, leaving the question of its accuracy to the consideration of the jury." This decision is cited with approval in the case of *Johnson* v. *City of Boonville,* 85 Mo. App. 199. This is a proper interpretation of our own statute. It refers only to surveys when offered in evidence as such, and not to the testimony of the surveyor. The county surveyor was called as a witness, and testified as to the location of the lines as ascertained by him from his survey and from his personal knowledge; and it was equally competent for any other surveyor to testify to facts within his knowledge, even though the result of a survey, leaving to the consideration of the jury the accuracy of such evidence and its preponderance. The court erred in excluding the testimony of Sandberg.

2. It was not error for the court to exclude the testimony of Orilla E. Barron, to the effect that she had been in possession, since 1886, of her lots, extending east to the quarter section line—being immediately north of defendant's lot—as it can have no bearing upon the adverse character of plaintiffs' possession of the premises in dispute.

3. Objection is made to the following instruction: "If you believe from the evidence in this case that the defendants, in order to get into possession of the premises in controversy in this case, broke and tore down a fence, claimed by the plaintiffs as theirs, and used by them to inclose the premises claimed by them to be theirs, and so tore down such fence without permission from plaintiffs, then I instruct you that such acts on the part of the defendants were unlawful and wrongful, and any possession obtained by such acts was and is wrongful and unlawful." This is an action in ejectment, and the only ground for recovery alleged in the complaint is that the plaintiffs are the owners in fee simple of the property in dispute, and that defendants wrongfully and unlawfully withhold the same from plaintiffs; and the manner in which defendants obtained such possession is wholly immaterial. · Yet, if the possession was obtained in the manner stated in the instruction, which defendants admit, the jury was instructed that it was unlawful, practically authorizing a verdict against the defendants, at least for the possession; and that was the extent of the verdict of the jury.

4. But the manner in which defendants took the possession of the premises, as suggested by the instruction, was not a forcible entry under Section 5745 of the forcible entry and detainer act in B. & C. Comp. (*Smith* v. *Reeder,* 21 Or. 541: 28 Pac. 890: 15 L. R. A. 172). Their possession was unlawful only in case they were without right or title. Plaintiffs must recover upon the strength of their own title, and not the weakness of that of defendants. *McEwen* v. *City of Portland,* 1 Or. 300.

5. It is established that the defendants have the legal title to the property in dispute. The legal title draws to it the possession; and a right of entry is not barred, unless there has been a disseisin.

6. Although prior possession of land, for any length of time, is *prima facie* evidence of title, and will authorize

a recovery against a mere volunteer or naked trespasser (*Oregon R. & N. Co.* v. *Hertzberg,* 26 Or. 216: 37 Pac. 1019), yet defendants are in possession, having the legal title; and plaintiffs' right of recovery depends upon whether they have acquired the fee by adverse possession as against defendants and their predecessors in interest. As disclosed by this record, defendants' possession is not that of a mere volunteer, and cannot be disturbed, except by a better title; and the instruction complained of was misleading and erroneous.

7. The instruction objected to in assignment No. 8 is not objectionable; viz: "If the jury believes from the evidence that the plaintiffs and their predecessors in interest occupied the premises in dispute, claiming to be the owners thereof, and having the same inclosed by a fence for a period of 10 years prior to the date that defendants took possession and disputed the ownership of the plaintiffs, I instruct you that your verdict should be for plaintiffs." Even though there was a mistake or ignorance as to the true boundary, yet, if the plaintiffs took actual possession under a claim of right or title, and so occupied the premises for the period of 10 years, it works a disseisin of the owner. This is the ruling in *Gist* v. *Doke,* 42 Or. 225 ( 70 Pac. 704), where Mr. Justice WOLVERTON distinguishes *Ramsey* v. *Ogden,* 23 Or. 347 (31 Pac. 778), from *King* v. *Brigham,* 23 Or. 262 (31 Pac. 601: 18 L. R. A. 361), in which latter case the holding was by mistake, with no intention of claiming beyond the true line when ascertained. Adverse possession must be originated by disseisin. The entry must be under a claim of right, and followed by continuous use and occupation; possession alone is not sufficient, but must be under a claim of right or title. "To render a possession adverse it must be hostile in its origin and hostile in its continuance." *Adams* v. *Burke,* 3 Sawy. (U. S.) 415, Fed. Cas. No. 49; *Springer* v. *Young,* 14 Or. 280 (12 Pac. 400). It is said in *Swift* v. *Mulkey,* 14

Or. 59, 64 (12 Pac. 76), that the legal title draws after it the possession, and the right of entry is not barred unless there has been a disseisin, followed by an actual, open, notorious, and continuous adverse possession for 10 years. The law deems every man to be in the legal seisin and possession of land to which he has a perfect and complete title, and such seisin and possession continue until he is ousted by an actual adverse possession in another. See, also, *Fuller* v. *Worth,* 91 Wis. 406, at page 410 (64 N. W. 995). The instruction given does not conflict with these views.

8. This disposes also of the instruction, asked by defendants and refused by the court, to the effect that the line fence cannot be considered as evidence of adverse possession, unless plaintiffs or their precesessors in interest constructed it. It was properly refused. If the fence was used as a line or partition fence, it is immaterial who constructed it. The issue is, did plaintiffs and their predecessors in interest take possession up to the fence under a claim of ownership, and continue to use and occupy it thereafter under such claim?

9. Objection is made to the instructions set out in assignments of error Nos. 8, 9, and 10, for the reason that they leave out of consideration the element of privity of possession between plaintiffs and their predecessors in interest. The language of the ninth instruction involving that element is: "If the jury find from the evidence in this case that any of the predecessors of the plaintiffs, by and through whom or by and through whose successors in interest the plaintiffs obtained possession of the premises in controversy, in unbroken lines of deliveries of possession from one to another, occupied and held possession," etc.

The deed from Parker to plaintiffs does not convey the strip of land in dispute; but plaintiffs contend that Parker and his predecessors occupied it, claiming to own it, and that they succeeded to Parker's right and title thereto by privity of possession. Defendants, however,

insist that plaintiffs cannot tack their possession to that
of Parker, unless there was an agreement to purchase it,
but by mistake omitted from the deed, and possession
delivered thereunder. 'The rule, as recognized by this
court, is that there must be a privity of possession. It
is not enough that the possession of one succeeds that
of the other immediately; but the plaintiffs' possession
must be a continuation of that of Parker. There must
be a transfer of Parker's possession to plaintiffs by an
agreement or understanding between them that posses-
sion shall pass, and accompanied by an actual transfer
of the possession; but it is not necessary to show that
it was in writing or omitted from the deed by mistake.
It may be by a parol bargain and sale, or other under-
standing, that the possession shall pass accompanied by
delivery. *Rowland* v. *Williams*, 23 Or. 515 (32 Pac. 402).
"The possession must be connected and continuous, so
that the possession of the true owner shall not construct-
ively intervene between them; but such continuity and
connection may be effected by any conveyance or agree-
ment or understanding which has for its object a transfer
of the rights of the possessor, or of his possession, and
is accompanied by a transfer of possession in fact."
*Vance* v. *Wood*, 22 Or. 77, 85 (29 Pac. 73); *Smith* v.
*Chapin*, 31 Conn. 530. This is fairly included in the
language of the instruction quoted above, and other equiv-
alent expressions. At least, if defendants desired a more
specific statement of matter relied on, they should have
requested it.

For the errors above mentioned the judgment will be
reversed, and the cause remanded.        Reversed.

---

Decided August 4, 1908.

On Petition for Rehearing.

[96 Pac. 1065.]

Mr. Justice Eakin delivered the opinion of the court.
It is urged by this petition that the errors upon which

the cause was reversed relate to immaterial matters, and, therefore, are not prejudicial.

10. This point was not suggested by the brief; but the first error is in excluding the evidence of Sandberg relating to the location of the north and south quarter section line through section 16. The premises sought to be recovered are located and described, both in the complaint and in the decree, by that line; and, although the west line of the tract is said to be identified by an old fence, yet, if the line of the fence be obliterated or questioned, then the whole tract must be located by the quarter section line alone, and in the case of a verdict for defendant, Section 330, B. & C. Comp., says that the verdict shall find "that the plaintiff is not entitled to the possession of the property described in the complaint, or to such part thereof as the defendant defends for, and the estate in such property or part thereof, or license or right to the possession of either, established on the trial by the defendant, if any," and Section 339 provides that "the judgment therein shall be conclusive as to the estate in such property and the right to the possession thereof," thus making the east line, namely, the quarter section line, also very material in case of a verdict for defendant. This was treated as an issue at the trial, and we deem it material.

11. The instruction held to be erroneous, to the effect that defendants' possession was wrongful and unlawful, was sufficient to authorize a verdict in favor of plaintiffs for the possession; and as the verdict did not find the nature or duration of plaintiffs' estate in the property, but only for the possession, the jury may have based their verdict upon that instruction alone, and we must presume it was prejudicial.

The motion is denied.

REVERSED: REHEARING DENIED.