Argued March 23, decided April 11, rehearing denied May 16, 1911.

## GALLAGHER *v.* KELLIHER.

[114 Pac. 943; 115 Pac. 596.]

BOUNDARIES—ACQUIESCENCE—EVIDENCE.

1. Where possession of a tract to a fence by a claimant in ejectment under a deed has been long acquiesced in, the possession is, as against a stranger to the title, *prima facie* evidence that the land is within the boundaries of the deed.

EJECTMENT—TITLE OF PLAINTIFF.

2. Prior actual possession of the land in controversy in ejectment is enough to enable the possessor to recover it against a trespasser entering without any title.

EVIDENCE—OPINION EVIDENCE—COMPETENCY.

3. A surveyor's opinion as to the result of a survey unsupported by the details thereof is incompetent, but, when he gives the details of his work, it is a question of law whether his method is correct, and a question of fact whether his result is correct.

EJECTMENT—ISSUES—EVIDENCE.

4. A defendant in ejectment who neither pleads right nor title may not, under Section 328, L. O. L., offer evidence of title; but he must be deemed a naked trespasser.

EJECTMENT—PLAINTIFF'S POSSESSION—EFFECT.

5. Unless a better title is shown by defendant in ejectment, plaintiff's possession at the time of ouster is sufficient to entitle him to recovery.

From Douglas: JAMES W. HAMILTON, Judge.

Statement by MR. CHIEF JUSTICE EAKIN.

This is an action by A. M. Gallagher against W. J. Kelliher and ————— Sawyer in ejectment. Plaintiff alleges: That he is the owner and entitled to possession of the following described real estate in Douglas County, Oregon, "the same being a part of the donation land claim of George B. Finch, in township 27 S., of range 5 W., of Willamette meridian, and particularly described as: Beginning at the northwest corner of the tract of land commonly known as the 'Pine Grove Church Property,' and running thence southerly along the western boundary of said 'Pine Grove Church Property,' to the southwest corner thereof; thence easterly along the southern boundary of said church property and the southern boundary of the said donation land claim of George B. Finch, 10 feet and 5 inches; thence northerly to the northern boundary of said 'Pine Grove Church Property,' at a point 6 feet and 10 inches easterly from the northwest corner thereof, and thence westerly along the northern boundary of said 'Pine Grove Church Property,' 6 feet and 10 inches, to the place of beginning, said land described being a portion of that tract of land particularly described in the deed from G. W. Genger and wife to the trustees of the United Brethren Church of the Deer Creek class of Douglas County, Oregon, and recorded in pages 149 and 150 of volume 10 of the Deed Records of said Douglas County." That until ousted by defendants, plaintiff has been in the open, notorious, exclusive, and adverse possession thereof under a claim of ownership for more than 20 years, and that on April 28, 1909, defendants by stealth unlawfully ousted plaintiff therefrom.

Defendants deny that they ousted plaintiff from posses-

sion of the premises as alleged, or at all, or withhold the same from him, which answer amounts to a disclaimer. The cause was tried before the court without a jury, and the facts were found in favor of plaintiff.   From the judgment thereon defendants appeal.        AFFIRMED.

For appellants there was a brief over the names of *Messrs. Cardwell & Watson,* with an oral argument by *Mr. James O. Watson.*

For respondent there was a brief over the names of *Messrs. Coshow & Rice,* with an oral argument by *Mr. Oliver P. Coshow.*

Opinion by MR. CHIEF JUSTICE EAKIN.

The real controversy at the trial was whether the description of the property sought to be recovered, as set out in the complaint, will justify a recovery without proof that it is included in the description contained in the deed from Genger to the trustees.   There being no issue as to plaintiff's ownership of the property, he confined his proof to the erection of a fence on the western line of the property and his occupancy of the premises from the year 1888.   There was no proof tending to show the location upon the ground of the west line of the tract as described in the deed; nor does it appear from the complaint that the property described in the deed from Genger to the trustees is the property known as the "Pine Grove Church Property," but that fact appears from the evidence.

David Hunter, a witness for plaintiff, testified, in substance, that he is acquainted with the Pine Grove Church property; has known it for about 25 years; was for 15 years a trustee of the United Brethren Church; that he knows where the west boundary of the property has been during that time; that in the fall of 1888 he helped build the fence on that line (referring to the fence removed by defendants) ; that "there was an understanding with Genger.   He had made some objections in regard to

where the line ran, and he also said that what he lost at one end next to the creek he would gain on the other, and he said all right to put it up. * * I cannot say in what way they agreed with Genger, only I know that it was questioned at the time we were talking about putting up the new fence;" and that Genger agreed that the fence should be put where it was built and it has remained the boundary since 1888. The evidence is conclusive that the United Brethren Church was in possession of the property to that fence all that time, and that the fence was put on the western boundary on the division line between Genger's land and that of the United Brethren Church. This proof we think was, at least, *prima facie* sufficient to establish the western boundary of the tract described in the deed. In *Turner* v. *Baker,* 64 Mo. 238 (27 Am. Rep. 226) it is said:

"That when proprietors of contiguous estates, the boundaries of which are indefinite and unascertained, agree upon the lines dividing their estates, the calls in their respective deeds, fasten themselves upon the property to which they are thus applied, and the title passed by the conveyances covers and includes every part of the property so identified as being comprehended within the description."

This language is quoted with approval in *Lennox* v. *Hendricks,* 11 Or. 33, 37 (4 Pac. 515.) In *Egan* v. *Finney,* 42 Or. 599 (72 Pac. 133), Mr. Chief Justice MOORE holds that a division line agreed upon between adjacent owners of real property, and acquiesced in for a long time, is a circumstance tending to show that it was built upon the true boundary.

1. We think the possession of the tract to the fence by plaintiff and his grantors claiming under the deed long acquiesced in is, as against a stranger to the title, *prima facie* evidence, at least, that the tract described in the complaint is within the boundaries mentioned in the deed,

and therefore evidence of possession of the property described in the complaint.

2. Prior, actual possession of the land is enough to enable the possessor to recover it against a mere trespasser who enters without any title. This rule concedes that he who secures possession of real property thereby obtains a prior right against all persons except the owner, and is recognized in *Browning* v. *Lewis,* 39 Or. 11, 17 (64 Pac. 304), and *Sommer* v. *Compton,* 52 Or. 173 (96 Pac. 124, 1065.)

Therefore we conclude that, under the description in the complaint, plaintiff has established a *prima facie* case.

On the trial defendants admitted that they removed the fence as alleged in the complaint, and offered some evidence to establish that the true west line of the property described in the deed to the trustees is eight or ten feet east of the old location of the west fence. Germond, deputy county surveyor, is the only witness who attempts to testify upon that matter. He says that he surveyed a piece of property there for Mr. Gallagher and established the northwest corner of the church property (which is the beginning point for defendants' fence). He testifies as to no facts in regard to the survey or the data from which he made it. This is not competent evidence of the true location of the corner or line but only his opinion.

3. A surveyor's opinion as to the result of the survey, unsupported by the details of the survey, both as to the data upon which it is based and the manner of reaching the result is not competent, but, when he gives the details of his work, it is a question of law whether his method was correct and a question of fact whether his result is correct. *Seabrook* v. *Coos Bay Ice Co.,* 49 Or. 237, 242 (89 Pac. 417) ; *Id.,* 54 Or. 172 (102 Pac. 175, 795).

4. There is no evidence before us tending to prove that defendants were entitled to possession of the tract in question. Neither were defendants entitled to offer evi-

dence of title thereof, having pleaded neither right nor title. Therefore they were naked trespassers. Section 328, L. O. L.; *Oregon Railroad & Nav. Co.* v. *Hertzberg,* 26 Or. 216 (37 Pac. 1019.)

Judgment of the lower court is affirmed.

                                        AFFIRMED.

---

Decided May 16, 1911.

## ON PETITION FOR REHEARING.

[115 Pac. 596.]

Opinion by MR. CHIEF JUSTICE EAKIN.

Counsel for defendant contends that the deed from Genger to Collins, through which defendant claims title, conveys all the land owned by him not conveyed to the church people, which, he says, grants the very strip in dispute. But the statement assumes that the strip in dispute is not in the tract conveyed to the church people which can be made to appear only by proof of the location of the west line of the church tract. The only evidence that that line is other than the location of the old fence is the evidence of Germond, the surveyor, which is not the evidence of any fact, but the opinion of a witness.

Defendant contends that this evidence, not being objected to, was relevant and material, and sufficient to prove the fact. He does not testify to the facts, but gives his conclusion, based upon a former survey made by himself, without the facts upon which it is based, viz., the correct starting point of the survey and the correct courses and distances. We must be enabled to follow in the footsteps of the surveyor. Aside from the authorities cited in the opinion, it is said in *Stewart* v. *Carleton,* 31 Mich. 273:

"It appears to have been supposed that the surveyors are competent, not only to testify to measurements and distances, but also to pass judgment themselves, and on

information of their own choosing, upon the position of lines and starting points. This is not the only case in which we have encountered such evidence on important private rights; and surveyors seem to have the idea that they may act entirely upon their own judgment in determining public and private rights. This is very dangerous error. * * But the determination of facts belong exclusively to courts and juries."

To the same effect are *Radford* v. *Johnson*, 8 N. D. 182 (77 N. W. 601) ; *O'Brien* v. *Cavanaugh*, 61 Mich. 368 (28 N. W. 127). In *Burt* v. *Busch*, 82 Mich. 506 (46 N. W. 790), it is said that "they (surveyors) may detail facts, but, when they have no knowledge of facts, their opinions or conjectures cannot control to establish or disturb boundaries. * * The question of location of a starting point for a surveyor is one of fact for the jury, and not one of theory to be determined finally upon the opinion of surveyors or experts." In *Olin* v. *Henderson,* 120 Mich. 149, 154 (79 N. W. 178), the following instruction given to the jury was approved:

"It is for you to fix that (the starting point of the survey) by the evidence in this case; and the fact that a surveyor unless he has the original monument to start from has made a survey, and what he believes or claims to be the property, is no evidence of that property, except such as you may find that he has started from the original point."

So, also, *Reast* v. *Donald*, 84 Tex. 648 (19 S. W. 795). A surveyor can testify to any fact within his knowledge, but his opinion or conclusion of facts based upon a survey made by him is not competent, at least without giving the details of the survey. Therefore, even though the evidence of the surveyor was not objected to, it was not evidence of a fact but the conclusion of the witness, and, as stated in the opinion, there is no proof that the west line of the church property is other than where the old fence was located. It necessarily follows that there

is no evidence that any of the land east of that west fence of the church property was included in the deed from Genger to Collins. The east line of defendant's property is only fixed by the west line of the church property. Without the identification of that line as being east of the old fence, defendant has shown no right to any of the ground sued for. And, unless a better title is shown by defendant, plaintiff's possession at the time he was ousted is sufficient to entitle him to recovery.

The petition is denied.

AFFIRMED: REHEARING DENIED.