## PATTERSON et al. v. HAMILTON.

(Circuit Court of Appeals, Ninth Circuit. August 1, 1921.)

No. 3646.

1. **Ejectment ⬟17—Prior possession sufficient against trespasser.**

Within Comp. Laws Alaska 1913, § 1133, providing that one who has a legal estate in real property and a present right to possession may recover possession, and section 1135, providing that the complaint shall set forth the nature of plaintiff's estate, prior possession of plaintiff is sufficient against a mere trespasser.

2. **Appeal and error ⬟260(2)—Exception to ruling on evidence necessary.**

That no exception was taken to ruling sustaining objection to evidence is sufficient answer to assignment of error thereon.

3. **Ejectment ⬟90(2)—Quitclaim from third person to defendant properly excluded.**

Quitclaim, executed after commencement of the action and offered in support of the defense in ejectment for tideland, that H., owner of adjoining upland, had quitclaimed to defendants all his right, title, and interest, was properly excluded; there having been no proof that H. had possession of the land in controversy, or that the deed tended to show that H. had possession or right of possession prior or superior to that of plaintiff.

In Error to the District Court of the United States for the First Division of the Territory of Alaska; Robert W. Jennings, Judge.

Action by Amelia Hamilton against C. A. Patterson and another. Judgment for plaintiff, and defendants bring error. Affirmed.

Shoup & Shoup, and A. H. Zeigler, all of Ketchikan, Alaska, and James Wickersham, of Juneau, Alaska, for plaintiffs in error.

Will H. Winston and Chas. H. Cosgrove, both of Ketchikan, Alaska, for defendant in error.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

GILBERT, Circuit Judge. The defendant in error in her action of ejectment in the court below recovered judgment for the possession of a small tract of tideland adjoining the town of Ketchikan. She alleged in her complaint that on July 1, 1919, and for more than nine years prior thereto she had been lawfully possessed "and is now entitled to the possession of the tract described in the complaint," and that on or about July 26, 1919, the defendants unlawfully entered into the possession of said premises and ousted her therefrom. The defendants in their answer denied the allegations of the complaint and set up a general demurrer to the complaint on the ground that the land is tideland, and that the facts alleged were not sufficient to entitle the plaintiff to recover in ejectment, or at all.

[1] Although no ruling was had on the demurrer, and no error is assigned to any ruling of the court below concerning the sufficiency of the complaint, the defendants now contend that the complaint is wholly insufficient to sustain the judgment. They point to the Code

of Civil Procedure, Compiled Laws of Alaska, §§ 1133 and 1135, the former of which provides that—

"Any person who has a legal estate in real property and a present right to the possession thereof, may recover such possession, with damages for withholding the same, by an action," etc.

And section 1135 provides:

"The plaintiff in his complaint shall set forth the nature of his estate in the property, whether it be in fee, for life, or for a term of years," etc.

And they contend that the complaint is fatally defective, in that it fails to show a legal estate in real property, and fails to set forth an estate in fee for life or for a term of years. We find no merit in the contention. The statutes so referred to are adopted from the laws of Oregon, and they have received construction in Malony v. Adsit, 175 U. S. 281, 20 Sup. Ct. 115, 44 L. Ed. 163, where the court, after referring to the fact that in Alaska the only titles that could be held were those arising by reason of possession and continued possession, held that it was sufficient if the plaintiff in ejectment alleged that for more than nine years he and his grantors were the owners by right of prior occupancy and actual possession of the land in dispute. The court cited with approval Carroll v. Price, 81 Fed. 137, where the District Court of Alaska had held that ejectment would be entertained for the purpose of determining the right of possession to either uplands or tidelands in that district between two contending parties claiming the same piece of ground. And such was the settled construction of the Oregon statutes before their adoption for Alaska. In O. R. & N. Co. v. Hertzberg, 26 Or. 216, 37 Pac. 1019, it was held that a prior possession of land for any length of time is prima facie evidence of title and will authorize a recovery in an action in ejectment against a mere volunteer or trespasser. That construction has been followed in later decisions. Kingsley v. United Rys. Co., 66 Or. 50, 133 Pac. 785; Sommer v. Compton, 52 Or. 173, 96 Pac. 124, 1065; Gallagher v. Kelliher, 58 Or. 557, 114 Pac. 943, 115 Pac. 596. It was adopted by Judge Deady in Wilson v. Fine (D. C.) 38 Fed. 789, and by this court in Campbell v. Silver Bow Basin Min. Co., 49 Fed. 47, 1 C. C. A. 155, and Arness v. Petersburg Packing Co., 260 Fed. 710, 171 C. C. A. 448.

[2, 3] Error is assigned to the ruling of the trial court in excluding from the evidence a deed offered by the defendants to sustain their affirmative defense wherein they had set forth that on July 26, 1919, Mark Hamilton, the only owner of upland adjoining the land in controversy on the southerly end thereof, had conveyed to the defendants by quitclaim deed all his right, title, and interest therein, a copy of, which deed was annexed to the answer as an exhibit. When the deed was offered in evidence the objection was made that it was immaterial to any issue in the case and irrelevant. The objection was sustained, and no exception was taken to the ruling. The fact that no exception was taken is a sufficient answer to the assignment of error, but in addition to that it appears that there was total absence of proof to show that Hamilton had possession of the property in controversy, or

that the quitclaim deed, which was in fact executed on July 28 and two days after the commencement of the suit, showed or tended to show that Hamilton had possession or a right of possession prior or superior to that of the plaintiff.

We find no merit in the contention that it was error to deny the defendants' motion at the close of the trial that the jury be instructed to return a verdict in their favor. The court, under instructions, to which no exception was taken, submitted to the jury the question of the possession on which the plaintiff relied, and charged them that possession is the actual exercise by a claimant of the present power to deal with the property and to exclude others from meddling with it, that it implies a subjection to the will and dominion of the claimant, and is evidenced by occupation or by appropriation, and by making a use of the land in the ordinary way, or by making any use for which it is suitable, and that the indicia of possession must be evidenced, either by a visible inclosure and use of the land claimed, or by the construction of building or buildings, pier, mole or jetty, or by making or placing some other useful structure thereon, or some permanent thing of value sufficient to show the good faith of the claimant. It would serve no useful purpose to review the testimony. It is sufficient to say that there was evidence from which the jury might have found possession in the plaintiff under the instructions of the court, and there was also evidence that the plaintiff had paid the taxes on the property from the beginning of her possession.

The judgment is affirmed.